

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

Nos. 06-14-00041-CR &
06-14-00042-CR

JAMEY JUSTIN SMITH, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 196th District Court
Hunt County, Texas
Trial Court Nos. 28,911 & 28,912

Before Morriss, C.J., Carter and Moseley, JJ.

# O R D E R

Jamey Justin Smith, who waived his right to a jury on the issue of guilt/innocence but elected jury-assessed punishment, was convicted by the trial court of aggravated sexual assault and aggravated robbery. After hearing the punishment evidence, the jury assessed punishment of life imprisonment on the aggravated sexual assault conviction and thirty years' imprisonment on the aggravated robbery conviction. The trial court sentenced Smith in accordance with the jury's assessment. Smith timely filed a notice of appeal, and the appellate record was made complete with the filing of the clerk's record on April 11, 2014. Both parties have filed briefs in these companion matters; however, on August 12, the State filed a motion seeking to "amend" the reporter's record claiming that the documents included in the reporter's record as Defendant's Exhibit 1 are not the documents that were actually offered and admitted into evidence during the trial of these matters. Smith filed a written response opposing the State's motion.

It appears from the parties' pleadings that there were two separate sets of juror information questionnaires generated during the jury selection process in these cases: (1) card-sized forms prepared by the Hunt County District Clerk's Office and (2) letter-sized forms prepared by the Hunt County District Attorney's Office titled "JUROR QUESTIONNAIRE." During jury selection, the State challenged Smith's use of peremptory strikes claiming that he had exercised them in a manner prohibited by *Batson v. Kentucky*, 476 U.S. 79 (1986), and its progeny. Following a hearing and the trial court's ruling on the State's *Batson* challenge, Smith offered and the trial court received "the questionnaires" into evidence as Defendant's Exhibit 1. The documents included with the reporter's record as Defendant's Exhibit 1 appear to be the

letter-sized forms prepared by the Hunt County District Attorney's Office. The State contends that the documents actually offered and received into evidence were the card-sized forms prepared by the Hunt County District Clerk's Office. The State supports this position with an affidavit signed by Smith's trial counsel, who offered the documents into evidence, stating that his intent was to offer the cards prepared by the Hunt County District Clerk's Office. The State's motion seeks leave to amend Defendant's Exhibit 1 of the reporter's record by removing the letter-sized forms prepared by the Hunt County District Attorney's Office and replacing them with the card-sized forms prepared by the Hunt County District Clerk's Office.

In response, Smith contends that the State's motion is premised on facts outside the appellate record and, consequently, outside this Court's purview. In a nutshell, Smith argues that the appellate record is simply not inaccurate; according to Smith, the documents attached to the reporter's record as Defendant's Exhibit 1 are precisely what trial counsel offered and the trial court received into evidence. In Smith's view, this is not a situation where the court reporter made a mistake and simply attached the wrong documents; rather, it is a situation where the State realized too late in the game that Smith's trial counsel offered the wrong documents into evidence. Allowing the State to "amend" the record in this manner, Smith argues, is the equivalent of allowing the State to re-open the record and introduce new evidence. Alternatively, Smith contends that an appellate court is not the appropriate venue for the resolution of this issue. Smith argues, "[S]ince the facts alleged in the motion and the accompanying affidavit are facts outside of the record and unknown to undersigned counsel and this Court, [Smith] requests that this appeal be abated" to the trial court for a hearing.

3

Rule 34.6(e) of the Texas Rules of Appellate Procedure establishes procedures for correcting inaccuracies in a reporter's record. Rule 34.6(e) states,

(e) *Inaccuracies in the Reporter's Record.*

(1) Correction of Inaccuracies by Agreement. The parties may agree to correct an inaccuracy in the reporter's record, including an exhibit, without the court reporter's recertification.

(2) Correction of Inaccuracies by Trial Court. If the parties cannot agree on whether or how to correct the reporter's record so that the text accurately discloses what occurred in the trial court and the exhibits are accurate, the trial court must—after notice and a hearing—settle the dispute. If the court finds any inaccuracy, it must order the court reporter to conform the reporter's record (including text and any exhibits) to what occurred in the trial court, and to file certified corrections in the appellate court.

(3) Correction After Filing in Appellate Court. If the dispute arises after the reporter's record has been filed in the appellate court, that court may submit the dispute to the trial court for resolution. The trial court must proceed as under subparagraph (e)(2).

TEX. R. APP. P. 34.6(e). In these cases, the primary dispute appears to be whether the reporter's record is inaccurate, and, as Smith correctly notes, the trial court is the appropriate venue for resolution of this issue. Consequently, we overrule the State's Motion to Amend the Reporter's Record, and, on our motion, we abate these matters to the trial court for an evidentiary hearing under Rule 34.6(e). As an initial matter, the trial court should determine whether the reporter's record is inaccurate. If it is not, then the court should simply enter a finding to that effect. If the trial court finds that the record is inaccurate, then, in accordance with the dictates of Rule 34.6(e)(2), "it must order the court reporter to conform the reporter's record (including text and any exhibits) to what occurred in the trial court, and to file certified corrections in the appellate court." TEX. R. APP. P. 34.6(e)(2).

4

This hearing shall occur within twenty-one days of the date of this order.

The trial court's findings shall be entered into the record of these cases and presented to this Court in the form of a supplemental clerk's record within fifteen days of the date of the hearing. The reporter's record of the hearing shall also be filed in each case in the form of a supplemental reporter's record within fifteen days of the date of the hearing.

All appellate timetables are stayed and will resume on our receipt of the supplemental clerk's and reporter's records and, if necessary, the corrected reporter's records.

IT IS SO ORDERED.

BY THE COURT

Date: August 22, 2014